**KALAN, INC., Plaintiff,**

v.

**The UNITED STATES, et al., Defendants.**

**Court No. 88–08–00688.**

United States Court of International Trade.

Nov. 21, 1990.

Sidney N. Weiss, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen.; Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch (James A. Curley), and (Sheryl A. French and Karen P. Binder, New York City, of counsel, U.S. Customs Service), for defendants.

RE, Chief Judge:

In general terms, the question presented in this case pertains to the date from which importers are entitled to interest, under 19 U.S.C. § 1520(d), on refunds of estimated duties deposited upon the entry of the merchandise.

The merchandise in this action consists of key tags imported from the Republic of Korea. Upon liquidation, the merchandise was classified by the Customs Service as jewelry under item 740.41 of the Tariff Schedules of the United States (TSUS), with duty at the rate of 11 per centum *ad valorem*. Plaintiff protested this classification and contended that the merchandise was properly classifiable as "[a]rticles not specially provided for, of rubber or plastics," under item 774.58, TSUS, free of duty under the Generalized System of Preferences. This protest was denied, and suit was thereafter commenced in this court. In *Kalan, Inc. v. United States*, 12 CIT ——, slip op. 88–165, 1988 WL 128610 (Dec. 1, 1988) (*Kalan I*), this court held that the merchandise was properly classifiable as "[a]rticles not specially provided for, of rubber or plastics," under item 774.58, TSUS, and entered judgment in favor of plaintiff.

It is not disputed that, upon the entry of the merchandise, plaintiff paid estimated duties. It is also not disputed that the entries in this case have been reliquidated in accordance with the decision of this court in *Kalan I*, that all overcharged duties have been refunded to the plaintiff, and that plaintiff has not received any interest on the refunded duties.

Plaintiff contends that, pursuant to 19 U.S.C. § 1520(d), it is entitled to interest on the refunded duties from the date of the actual payment of the estimated duties. According to plaintiff, the excess estimated duties deposited upon the entry of the merchandise are "increased or additional duties" within the meaning of section 1520(d), which mandates payment of interest retroactive to the date of payment.

Defendants contend that plaintiff "is not entitled to payment of interest under 19 U.S.C. § 1520(d) because the language of the statute does not provide for such payment on a refund of estimated duty."

Plaintiff also contends that, under 28 U.S.C. § 2644, it is entitled to interest on the excess duties paid from the date of the filing of the summons. In its motion for summary judgment, defendants admit that plaintiff is entitled to interest from the date of the filing of the summons. Defendants also "consent to entry of an order allowing payment of interest to Kalan under § 2644 from August 26, 1988, the filing date of the summons, to the date of refund."

The question presented is whether, under 19 U.S.C. § 1520(d), plaintiff is entitled to interest on a refund of estimated duties, paid upon entry of merchandise, from the date of payment of those duties.

Under section 1520(d) importers are entitled to interest on refunds from "the date of payment" of all "increased or additional duties under section 1505(c)." Since section 1505(c) applies only to "[d]uties determined to be due upon liquidation or reliquidation," the court concludes that section 1520(d) does not grant interest on a refund of estimated duties, paid upon entry of merchandise, from the date of payment of those duties. Rather, since the estimated duties paid by plaintiff became duties due upon liquidation, it is the holding of the court that plaintiff is entitled to interest on its refunds from the date of liquidation.

Contending that there are no genuine issues of material fact, both parties move for summary judgment pursuant to Rule 56 of the Rules of this Court.

## DISCUSSION

On a motion for summary judgment, it is the function of the court to determine whether there are any factual disputes that are material to the resolution of the action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Furthermore, "[t]he court may not resolve or try factual issues on a motion for summary judgment." *Phone–Mate, Inc. v. United States*, 12 CIT ——, 690 F.Supp. 1048, 1050 (1988), *aff'd*, 867 F.2d 1404 (Fed.Cir.1989).

Defendants contend that section 1520(d) does not apply to estimated duties, which are paid upon entry of merchandise, and they therefore contend that plaintiff is not entitled to any interest under section 1520(d) on the refunds of its estimated duties. It is clear, however, that although plaintiff has paid estimated duties upon entry, once the merchandise is liquidated, the duties are no longer estimated. Rather, they then became "[d]uties determined to be due upon liquidation," within the meaning of section 1505(c). Hence, the specific question presented in this case is whether, under section 1520(d), plaintiff is entitled to interest on a refund of estimated duties, paid upon the entry of the merchandise, from the date of payment of those duties, or whether plaintiff is entitled to interest from the date of liquidation.

The question presented is to be resolved by an interpretation of the governing statutes. It is axiomatic that "the starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Section 1520(d) provides that:

*If a determination is made to reliquidate an entry as a result of a protest filed under section 1514 of this title or an application for relief made under subsection (c)(1) of this section, or if reliqui-*

*dation is ordered by an appropriate court, interest shall be allowed on any amount paid as increased or additional duties under section 1505(c) of this title* at the annual rate established pursuant to that section and determined as of the 15th day after the date of liquidation or reliquidation. The interest shall be calculated from the date of payment to the date of (1) the refund, or (2) the filing of a summons under section 2632 of title 28, whichever occurs first. 19 U.S.C. § 1520(d) (1988) (emphasis added).

Section 1505(c), which is expressly referred to in section 1520(d), provides that:

Duties determined to be due *upon liquidation or reliquidation* shall be due 15 days after the date of that liquidation or reliquidation, and unless payment of the duties is received by the appropriate customs officer within 30 days after that date, shall be considered delinquent and bear interest from the 15th day after the date of liquidation or reliquidation at a rate determined by the Secretary of the Treasury.

19 U.S.C. § 1505(c) (1988) (emphasis added). It is important to note that both section 1520(d) and section 1505(c) were enacted as section 210 of the Trade and Tariff Act of 1984, Pub.L. No. 98–573, 98 Stat. 2948, 2977 (1984).

The interpretation of section 1520(d) together with section 1505(c) indicates that Congress did not intend to grant interest on refunds of estimated duties from the date of payment of those duties. Section 1520(d) is expressly limited to "increased or additional duties under section 1505(c)." Section 1505(c), in turn, is expressly limited to "[d]uties determined to be due upon liquidation or reliquidation." It is clear, therefore, that section 1520(d) does not grant interest on refunds of estimated duties paid upon the entry of the merchandise.

█ Furthermore, it is well established that, as part of the legislative history of a statute, the testimony presented at congressional hearings may be helpful in ascertaining the intent of Congress. *See,*

e.g., *Dawson Chem. Co. v. Rohm & Haas Co.*, 448 U.S. 176, 204–12, 100 S.Ct. 2601, 2617–21, 65 L.Ed.2d 696 (1980). In this case, the testimony and comments received by the Subcommittee on Trade of the House Ways and Means Committee on H.R. 3159, the House bill which was eventually enacted into law as section 210 of the Trade and Tariff Act of 1984, provides convincing support for the conclusion of the court. A careful review of the testimony and comments leaves no doubt that, in considering H.R. 3159, the Subcommittee on Trade was aware that the government, bar, and industry understood that the bill did not grant interest on a refund of estimated duties, paid upon entry of merchandise, from the date of payment of those duties.

For example, Arthur I. Rettinger, an attorney with the Office of the Chief Counsel of the United States Customs Service, testified that "the bill in no way affects overpayments or underpayments of estimated duties as these payments have traditionally been recognized as separate and distinct from liquidations for refunds or liquidations involving additional assessments." *Hearings on H.R. 3159 Before the Subcomm. on Trade of the House Comm. on Ways and Means*, 98th Cong., 1st Sess. (1983), *reprinted in Miscellaneous Tariff and Trade Bills: Hearings and Written Comments Before the Subcomm. on Trade of the Comm. on Ways and Means of the House of Representatives*, 98th Cong., 1st and 2d Sess., Serial 98–76, at 18 (1985) (hereinafter *Hearings*).

The industry's interpretation of H.R. 3159 may be gleaned from the statement of Eugene J. Milosh, executive vice president of the American Association of Exporters and Importers (AAEI). Mr. Milosh explained that:

> At the time of entry the Customs Service has the authority under section 505(a) of the Tariff Act of 1930, authority which it frequently exercises, to insist that the importer pay estimated duties in an amount deemed appropriate by the Service. It is AAEI's belief that the great majority of entries are accompanied by duty deposits in amounts ultimately deemed proper by the Customs Service.

> These duty deposits are not the subject of this legislation. H.R. 3159 addresses only increased duties, that is additional duties found due subsequent to entry at the time of liquidation or reliquidation.

*Hearings* at 113. Indeed, in his testimony regarding the bill Mr. Milosh set forth a proposed amendment which would have granted interest on refunds of estimated duties from the date of entry. *See id.* at 114–16. Furthermore, Ms. Marjorie M. Shostak, appearing before the Subcommittee on behalf of the Joint Industry Group, stated that "[t]he provision in ... H.R. 3159 to pay interest on reliquidations of entries applies only to amounts deposited as increased duties and does not include the duty deposited when the entry was filed." *Id.* at 129. Like Mr. Milosh, Ms. Shostak recommended that "interest should be paid on any amounts refunded, not merely the increased duty portion thereof." *Id.*

The interpretation of the bar was given by Joseph F. Donohue, Jr., the Chairman of the Administrative Practice Committee of the Customs and International Trade Bar Association. Mr. Donohue stated that H.R. 3159 "provides for the payment of interest on any repayment of increased duties." *Id.* at 117. Mr. Donohue also noted that Customs determines the amount of estimated duties deposited upon the entry of the merchandise. He then advocated that H.R. 3159 be amended to provide for interest on refunds of estimated duties from the date of entry, since "[i]t would be appropriate to include interest on such refund[s] since the importer was deprived [of] the use of the money during the period that it was held by Customs." *Id.* at 120.

A statement was also submitted by the Section of Administrative Law of the American Bar Association. In its statement, the Section stated that it "[s]upports the provisions of [H.R. 3159] for the payment by the Government of interest on any repayment of increased duties and recommends also that interest be paid on refunds of duty deposited against the original entry." *Id.* at 215.

It is important to note that none of the witnesses who appeared before the Subcommittee interpreted H.R. 3159 to grant interest on refunds of estimated duties from the date of payment of those duties. Furthermore, despite the suggestions of several of the witnesses before the Subcommittee, Congress did not amend H.R. 3159. Hence, the conclusion is inescapable that, after considering the testimony of the witnesses and choosing not to act on the suggested amendments, Congress intended that importers should not receive interest on a refund of estimated duties, paid upon entry of merchandise, from the date of payment of those duties.

## CONCLUSION

■ Under 19 U.S.C. § 1520(d) importers are entitled to interest from "the date of payment" on refunds of all "increased or additional duties under section 1505(c)." Since 19 U.S.C. § 1505(c) applies only to "[d]uties determined to be due upon liquidation or reliquidation," the court concludes that section 1520(d) does not grant interest on a refund of estimated duties, paid upon entry of merchandise, from the date of payment of those duties. Rather, since the estimated duties paid by plaintiff became duties due upon liquidation, it is the holding of the court that plaintiff is entitled to interest on its refunds from the date of liquidation.

Accordingly, defendants' motion is denied in part and granted in part, and plaintiff's cross-motion is denied in part and granted in part.