NEW ZEALAND LAMB CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–04–00297 and 91–04–00297–S

(Decided December 8, 1992)

*Bronz & Farrell, (Edward J. Farrell),* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney-In-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Susan Burnett Mansfield*) for defendant.

## OPINION

MUSGRAVE, *Judge:* This case is before the Court on the government's motion to sever and dismiss the action with respect to certain entries, to

wit: 86–404426–0, 86–404685–7, 86–404650–1, 86–405275–7, 86–406873–8, 86–779257–7, 86–409184–4, and 86–811549–6. The plaintiff New Zealand Lamb Co., Inc. does not object to the severance, but opposes the motion to dismiss and cross-moves for judgment on the pleadings. The Court severs the entries, and grants plaintiff's motion for judgment on the pleadings.

The merchandise involved in this action is lamb meat from New Zealand, and is subject to a countervailing duty order. Plaintiff deposited estimated countervailing duties at the time it paid the estimated Customs duties on the merchandise. After the final determination of the countervailing duty rate was made by the ITA, the Customs Service found that the deposit rate was too low and liquidated the entries for the difference. The bulletin notice of liquidation made no reference to interest. *Defendant's Motion To Sever And Dismiss,* at 1–2.

More than 90 days after liquidation of the entries at issue in these motions, the Customs Service billed plaintiff for interest on the increased duties. Within ninety days of the billing, plaintiff filed a protest challenging the assessment of interest. The protest was denied, and this lawsuit ensued.

The procedures governing the time for protest are set forth in 19 U.S.C. § 1514 (1992):

> decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to— * * *
>
>> (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury
>
> shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section. * * *

§ 1514(a).   Section 1514(c)(2) states that

> A protest of a decision, order, or finding described in subsection (a) section shall be filed with such customs officer within ninety days after but not before—
>> (A) notice of liquidation or reliquidation, or
>> (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.

The government moves to sever the entries and dismiss plaintiff's claim because plaintiff did not file its protest within 90 days of liquidation. The government argues that interest must be charged pursuant to 19 U.S.C. § 1677g (1992), and that "the liquidation for an increase in countervailing duties was necessarily a determination that interest on the underpayment of the countervailing duties would be owing." *Defendant's Motion To Sever And Dismiss,* at 5. Therefore, the government concludes, plaintiffs failure to protest the assessment of interest within ninety days of the bulletin notice is a bar to their claim, despite the fact that plaintiff was not notified that interest was due until after the ninety days had expired. *Id.* at 3 *et seq.*

The plaintiff responds that it did not file a protest because it believed that the bulletin notice correctly contained no assessment of interest. Plaintiffs underlying contention is that the assessment of interest in all of the entries at issue in this case is improper, because the cash deposit rate was higher than the countervailing duty rate, but the Customs Service refused to accept the proffered full amount, resulting in the shortfall which is the basis for the interest assessment. *Complaint,* at 2. The interest required by § 1677g does not apply to underpayments created by the Customs Service's error, plaintiff argues, and it did not file a protest because it believed the bulletin notice of liquidation reflected this. *Plaintiff's Reply To Defendant's Response To Plaintiff's Cross-Motion For Judgment On The Pleadings,* at 2–3.

The plaintiff agrees that the entries at issue should be severed, but moves for judgment on the pleadings on the ground that the entries were liquidated without interest, and that liquidation became final and conclusive upon the government 90 days thereafter. *Plaintiff's Opposition To Defendant's Motion To Dismiss And Cross-Motion For Judgment On The Pleadings,* at 3–4.

This Court has held that accrued interest is a "charge or exaction" which must be paid before the jurisdiction of this Court may be invoked. *Syva Co. v. United States,* 12 CIT 199, 681 F. Supp. 885, 888 (1988). The Court noted that

> There appears no basis for a distinction between interest and other account liabilities. While the specific question of whether interest is a charge or exaction appears never to have been addressed in this court, caselaw has established that the imposition of certain fees are charges or exactions, subject to protest procedures and judicial review. * * * [I]nterest * * * is within the common and judicial descriptions of charges and exactions.

Under *Syva,* then, protest procedures of § 1514 govern the assessment of interest.

The next question is whether the 90 day period for protesting the charge began at liquidation under § 1514(c)(2)(A), or at some other "date of the decision" under § 1514(c)(2)(B). The regulations promulgated pursuant to § 1677g state that interest is to be calculated "from the date that a cash deposit is required to be deposited for the entry through the date of the liquidation of the entry." 19 C.F.R. § 355.24 (1992). Since interest is due incident to liquidation, the Court concludes that liquidation is the event triggering the period for protest.

All findings involved in a district director's action merge in the liquidation. *Commonwealth Oil Refining Co. v. United States,* 67 Cust. Ct. 155, 163, 332 F. Supp. 203, 207 (1971). The only official notice of liquidation is the bulletin notice of liquidation. 19 C.F.R. § 159.9 (1992); *Goldhlofer Fahrzeugwerk GmbH & Co. v. United States,* 7 Fed. Cir. (T) 148, 150, 885 F.2d 858, 860 (1989). Since the bulletin notice made no mention of interest, the Court finds that the entries were liquidated without interest.

Just as an erroneous classification does not preclude liquidation, the legal question of whether the liquidation without interest was erroneous does not affect the finality of liquidation. *See Gerry Schmitt & Co. v. United States,* 71 Cust. Ct. 194, 371 F. Supp. 1079, 1083 (1973) (holding that classification is a conclusion of law and may be reviewed only through protest). After 90 days, the liquidation of the entries without interest became final and conclusive upon the United States.

Accordingly, the entries numbered 86–404426–0, 86–4044685–7, 86–404650–1, 86–405275–7, 86–406873–8, 86–779257–7, 86–409184–4, and 86–811549–6 are severed from this action and are designated as Court No. 91–04–00297–S. Plaintiff's motion for judgment on the pleadings is granted in Court No. 91–04–00297–S, and the Customs Service is ordered to refund the amounts paid pursuant to bills sent to plaintiff more than 90 days after liquidation of those entries.

Plaintiff also seeks interest on the refund from the date of payment, unsupported by the citation of authority or any briefing whatever. "In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Library of Congress v. Shaw,* 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d. 250 (1986).

Although the interest paid by plaintiff in this case is a "charge or exaction" under § 1514, it is not "increased or additional duties" determined to be due upon liquidation, and an award of interest from the date paid on the refund is not authorized by 19 U.S.C. § 1520 (1992). *See Kalan Inc. v. United States,* 9 Fed. Cir. (T) 116, 117, 944 F.2d 847, 849 (1991).

Nevertheless, 28 U.S.C. § 2644 (1992) provides for interest on monetary judgments of this Court in cases brought under section 515 of the Tariff Act of 1930, calculated from the date of the filing of the summons. Accordingly, the Customs Service is ordered to pay plaintiff interest on the amount of the refund, from April 19, 1991 until the judgment is paid by defendant.