WORLD FORUM WATCH, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 95–12–01594

(Decided July 23, 1996)

*Irving A. Mandel (Steven R. Sosnov, Jeffrey H. Pfeffer* and *Thomas J. Kovarcik)* for the plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(James A. Curley);* Office of the Assistant Chief Counsel, U.S. Customs Service *(Sheryl A. French),* of counsel, for the defendant.

### MEMORANDUM AND ORDER

AQUILINO, *Judge:* This action is a return to court by the plaintiff, praying for award of additional interest on duties recovered by it pursuant to a stipulated judgment on an agreed statement of facts within the meaning of CIT Rule 58.1 and entered on November 8, 1994 in CIT No. 90–10–00533.

## I

Interest was paid by the U.S. Customs Service to the plaintiff on those duties, calculated from the date of the filing of the summons in that docketed case to the date of their refund. According to plaintiff's current complaint, reliquidation of its predicate entries of merchandise in 1984, 1986 and 1987 took place on January 13, 1995. It protested the Service's

nonpayment of interest from the date(s) of deposit(s) of duties on those entries until the filing of that summons. Customs denied the protest on September 16, 1995, whereupon this action was timely commenced, with jurisdiction pleaded in the alternative under subsections (i) or (a) of 28 U.S.C. § 1581.

In its answer, and now in a motion for summary judgment, the defendant does not contest the court's jurisdiction under section 1581(a)[1], but it denies that the plaintiff pleads an actionable cause.

The essence of the complaint is that the North American Free Trade Agreement Implementation Act, Pub. L. No. 103–182, 107 Stat. 2057, went into effect on December 8, 1993 and that section 642 of that statute repealed 19 U.S.C. § 1520(d) and amended 19 U.S.C. § 1505 to provide, in pertinent part:

(c) INTEREST.—* * * Interest on excess moneys deposited shall accrue, at a rate determined by the Secretary, from the date the importer of record deposits estimated duties, fees, and interest to the date of liquidation or reliquidation of the applicable entry or reconciliation.

Whereupon the plaintiff pleads:

16. For all refunds of duties resulting from liquidations and reliquidations on or after December 8, 1993, regardless of the date of entry, the Act requires the payment of interest calculated from the date of deposit thereof.

### CLAIM FOR RELIEF

17. The subject entries were reliquidated on or after December 8, 1993, and by law, plaintiff is entitled to interest on refunds issued as a result thereof.

18. Customs failed to pay interest mandated by § 505(c) of the Act: (1) on refunds of duties issued upon reliquidation of the subject entries from the date of deposit of the estimated duties thereon until the date of the filing of the summons in the action that resulted in their reliquidation; and (2) on said interest from the date of reliquidation of the subject entries up to and including the date that such interest is paid.

Complaint, paras. 16–18 (emphasis in no. 16 deleted).

Defendant's answer does not take issue with the complaint's factual averments, except for entry numbered 4701–807–0847068–2, which it now claims was actually numbered * * * 0847608–2. Rather, as indicated, it has interposed a motion for summary judgment on the controlling issue of law pressed by the plaintiff, arguing that (a) the language of section 1505(c), as amended, does not require payment of interest on overpayments of estimated duties for entries made before the amendment was enacted, (b) that amended section cannot be applied retroactively to entries made prior to enactment of the amendment,

---

[1] *Compare* defendant's answer, para. 4 *with id.,* para. 2 *and* its Brief in Support of Its Motion for Summary Judgment, p. 2 and n. 1.

(c) interpretation of that section by Customs is entitled to substantial deference and (d) the government fully complied with the judgment requiring it to reliquidate the entries, refund excess duties and pay "interest as provided by law".

The plaintiff responds in the main that (i) the plain wording of the law should be applied and (ii) the Service's interpretation is contrary to the congressional mandate.[2]

## II

Review and consideration of the parties' papers lead the court to conclude that this action can be decided by way of summary judgment since there are no material facts which need to be adduced through trial.[3] And, with regard to the primary issue of law raised, counsel for the plaintiff state:

> There is presently pending before this Court another case on point, *Travenol Laboratories, Inc.* v. *United States,* Court No. 89–08–00469. While the instant plaintiff has presented its arguments in a different manner than *Travenol,* nonetheless the central core of argument remains: the plain language of a statute is deemed controlling unless a "clear cut legislative intent" dictates otherwise. See, e.g.[,] *Madison Galleries, Ltd. v. United States,* 870 F.2d 627, 629, 630 (Fed.Cir. 1989). The undersigned has spoken to * * * counsel * * * in charge of this matter * * * who has indicated he would be pleased to make an oral presentation * * * at the same time as oral argument is made by counsel for World Forum, if the Court considers such desirable.[4]

The lawyers involved are to be commended for their commitment to orderly proceedings in the numerous actions which have been brought, all raising the controlling issue of first impression created by enactment of the NAFTA implementation act, *supra.* In conformity with that commitment, this court has just handed down its opinion in *Travenol Laboratories, Inc. v. United States,* 20 CIT 883, 936 F.Supp. 1020, Slip Op. 96–114 (July 23, 1996), that the plaintiffs cannot recover additional interest on the duties refunded pursuant to judgments of the kind in this

---

[2] A third, enumerated part of plaintiff's brief in opposition to defendant's motion for summary judgment is to the effect that, even if the government's arguments are well-taken, World Forum Watch, Ltd. is still entitled to interest from the date it paid estimated duties until December 8, 1993 in that it

was a party in *D & M Watch Corp.* v. *United States,* 16 CIT 285, 795 F. Supp. 1160 (1992), in which a Government witness stated that such merchandise was not permitted to be entered in a manner which would permit interest to accrue under 19 U.S.C. § 1520(d). And, it has filed a Summons and Complaint in Court No. 92–05–00350 in a case similar in all material respects to *A Classic Time* v. *United States,* Court No. 90–09–00467, pending before this Court. The thrust of a major argument in *A Classic Time* is that the actions of the Customs Service in the Port of New York requiring that entries of quartz analog watches be made as Customs dictated "or else" constituted a violation of the Fifth Amendment * * *.

The importers' Fifth Amendment claims involve both the due process clause and the taking clause.

\*          \*          \*          \*          \*          \*          \*

* * * And, we point out that in our cases, the statute which exists to create the constitutionally protected right to the payment of interest is 19 U.S.C. 1520(d), effective through December 8, 1993.

Plaintiff's Brief, pp. 7–8, 9. Counsel proceed to present arguments which they claim have not been presented in *A Classic Time.*

Suffice it to state that those arguments will be considered by this court in that matter, which is also *sub judice,* and not now in this action.

[3] *Compare, e.g.,* Defendant's Statement of Material Facts Not in Dispute *with* Plaintiff's Answer thereto.

[4] Plaintiff's Brief, p. 11. As was true in *Travenol,* the written submissions on both sides herein are of such quality as to obviate any need to burden the parties with oral argument, and plaintiff's motion therefor will not be granted.

and the other actions similarly situated. The court concludes that that opinion governs this action, and, for purposes of uniformity and efficiency, its reasoning is incorporated herein by reference in toto. To recite some of it briefly, the court concluded therein and thus concludes now in this action that the judiciary cannot "supply by creative interpretation the necessary clear direction that Congress omitted"[5]; that the Tariff Act of 1930 left "little doubt" before amendment by the NAFTA act "that excess estimated duties are refunded without interest"[6]; that prior to that amendment liquidation (or reliquidation) had been the operative event for purposes of application of 19 U.S.C. § § 1505(c), 1520(d) (1984) but deposit of estimated duties has supplanted that trigger since December 8, 1993[7]; that nothing in the statute enacted then or in its underlying legislative history exhibits intent that the amendments to section 1505 apply retroactively; that the new language adopted for that section is clear on its face and portends the future not the past; that, to the extent the plaintiff prays for retroactive enforcement, "there exists a judicial presumption, of great antiquity, that a legislative enactment affecting substantive rights does not apply retroactively absent *clear statement* to the contrary"[8]; that a simple statement that a statute will become effective on a certain date, which is the case here[9], "does not even arguably suggest that it has any application to conduct that occurred at an earlier date"[10]; that retroactive application of section 1505(c), as amended, could cause inequities to importers not contemplated by Congress; and that, whatever the underlying legislative intent, the NAFTA implementation act, as adopted, did not broaden 28 U.S.C. § 2644, which governs interest on judgments obtained in actions in the Court of International Trade under section 515 of the Tariff Act of 1930.

In light of this and the remaining reasoning set forth in the court's slip op. 96–114 in *Travenol Laboratories, Inc. v. United States,* the court concludes that defendant's motion for summary judgment must be granted and this action dismissed. Judgment will enter accordingly.

---

[5] *Kalan, Inc. v. United States,* 944 F.2d 847, 850 (Fed.Cir. 1991), *cert. denied,* 503 U.S. 906 (1992).

[6] *Id.*

[7] The papers before the court in this action indicate that the plaintiff deposited duties long before this date.

[8] *Langraf v. USI Film Products,* 511 U.S. 244, 286, 128 L.Ed.2d 229, 266 (1994) (Scalia, J., concurring (emphasis in original)).

[9] *See* Pub. L. No. 103–182, § 692, 107 Stat. at 2225.

[10] *Langraf v. USI Film Products,* 511 U.S. 244, 257, 128 L.Ed.2d 229, 247 (1994).