**NOVACOR CHEMICALS, INC. F/K/A Polysar, Inc., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Slip Op. 97–138.

Court Nos. 95–03–00279, 95–05–00630.

United States Court of International Trade.

Sept. 25, 1997.

Sidney N. Weiss, New York City, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, James A. Curley, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, for defendant; Karen P. Binder, Office of Asst. Chief Counsel, Intern. Trade Litigation, U.S. Customs Service, of counsel.

## OPINION

RESTANI, Judge.

This matter is before the court on cross motions for summary judgment pursuant to USCIT Rules 56(a) and (b). Plaintiff, Novacor Chemicals, Inc. ("Novacor"), contends that it is entitled to interest on duty drawback erroneously held by the United States Customs Service ("Customs") for almost five years. The government argues that it does not have to pay interest on a return of drawback duties which it previously reclaimed.[1]

## BACKGROUND

Novacor, formerly known as Polysar, Inc., imported shipments of styrene monomer from 1985 to 1987. Four of these shipments, entry numbers 564–0000049–5, 564–0000262–4, 564–0000264–0, and 564–0000265–7, are the subject of this matter. Novacor filed for accelerated drawback of duties on these entries pursuant to 19 U.S.C. § 1313 and received $456,557.00 from Customs. On January 29, 1988, Customs liquidated the relevant entries without benefit of drawback of duties and requested the accelerated payment back from Novacor. Novacor repaid the $456,557.00 to Customs on May 14, 1988. Novacor then filed a protest against the denial of drawback of duties within the statutory time limit.

Customs based its denial of drawback of duties on its opinion in C.S.D. 87–6, 21 Cust. Bull. 365, 366–67 (1987), which denied an importer drawback of duties on products that it did not own at time of reexport. This

---

1. **DRAWBACK:** The drawback may be (1) a repayment in whole or in part of customs duties paid on imported merchandise that is reexported (either in the same form as imported or manufactured into a more finished article) or (2) the refund upon the exportation of an article of a domestic tax to which it has been subjected.
*Dictionary of Tariff Information* 271 (1924). *See* 19 U.S.C. § 1313 (1988); 19 C.F.R. § 191.2 (1987).

court, however, rejected 21 Cust. Bull. 365 in the test case of *Central Soya Co., Inc. v. United States*, 15 CIT 105, 111, 761 F.Supp. 133, 138 (1991). The court ruled that Customs' interpretation in 21 Cust.Bull. 365 of who was entitled to drawback of duties for substitute same condition goods was contrary to congressional intent. *Central Soya*, 15 C.I.T. at 111, 761 F.Supp. at 138.

In accordance with *Central Soya*, Customs reviewed its decision regarding Novacor and reliquidated the entries. Customs decided on May 14, 1993, to refund to Novacor the $456,557.00.[2] Novacor again timely filed a protest on August 12, 1993, claiming that it was entitled to interest on the $456,557.00. Customs denied Novacor's protest on February 3, 1995.

These consolidated actions were filed in this court by Novacor in 1995 to review the denial of protest regarding Custom's failure to pay interest. Both sides have moved for summary judgment. There are no material facts in dispute.

## STANDARD OF REVIEW

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. USCIT Rule 56(d).

## Discussion

### I. The Tariff Act of 1930 in effect at the time of reliquidation in May 1993.

Novacor argues that the provisions of the Tariff Act of 1930 (codified as 19 U.S.C. §§ 1505(b)–(c) and 1520(d) (1988)), in effect before the Customs Modernization Act of 1993 ("the Act"), required Customs to pay interest on the return of drawback of duties. Novacor contends that the $456,557.00, which Customs forced it to repay and subsequently refunded after protest, qualifies as "increased or additional duties" as described in the statute.[3] Novacor filed for, and received, accelerated drawback treatment after it had paid the estimated duties on the entries. When Customs liquidated the entries, it decided that they did not qualify for drawback and billed Novacor for the amount that it had earlier returned to plaintiff. Each bill contained the heading "supple duty," a phrase that both parties agree means "supplemental duty." Novacor argues that "supplemental duty" means "additional duties assessed upon liquidation or reliquidation."[4] Thus, plaintiff believes that upon liquidation, it was billed for, and paid, "additional duties" and must be

---

2. Customs claims in "Defendant's Response to Plaintiff's Statement of Material Facts Not in Dispute" that it only refunded $444,137.82. Customs did not explain why the parties state different amounts refunded.

3. Section 1505, Title 19 of the United States Code provided (prior to the Customs Modernization Act of 1993):

   (b) Collection or refund
   The appropriate customs officer shall collect any increased or additional duties due or refund any excess of duties deposited as determined on a liquidation or reliquidation.
   (c) Duties due upon liquidation or reliquidation; delinquency; interest
   Duties determined to be due upon liquidation or reliquidation shall be due 15 days after the date of that liquidation or reliquidation, and unless payment of the duties is received by the appropriate customs officer within 30 days after that date, shall be considered delinquent and bear interest from the 15th day after the date of liquidation or reliquidation at a rate determined by the Secretary of the Treasury.
   19 U.S.C. § 1505(b)–(c) (1988).

4. 19 C.F.R. § 24.3a (1997) states:

   (a) Due date of Customs bills. Customs bills for Supplemental duties (additional duties assessed upon liquidation or reliquidation) ...
   *Id.*

Section 1520(d), Title 19 of the United States Code provided (prior to the Customs Modernization Act of 1993):

   (d) Interest rates; calculation
   If a determination is made to reliquidate an entry as a result of a protest filed under section 1514 of this title or an application for relief made under subsection (c)(1) of this section, or if reliquidation is ordered by an appropriate court, interest shall be allowed on any amount paid as *increased or additional duties* under section 1505(c) of this title at the annual rate established pursuant to that section and determined as of the 15th day after the date of liquidation or reliquidation. The interest shall be calculated from the date of payment to the date of (1) the refund, or (2) the filing of a summons under section 2632 of title 28, whichever occurs first.
   19 U.S.C. § 1520(d)(1988)(emphasis added).

paid interest on the refunded money pursuant to section 1520(d) (1988).

Plaintiff and defendant agree that under sections 1520(d) and 1505(c) (1988), if Customs decides upon reliquidation to return funds, it is authorized only to pay interest on "any amount paid as increased or additional duties." 19 U.S.C. § 1520(d) (1988). Thus, the issue before the court is whether a return of a reclaimed drawback of duties qualifies as "increased or additional duties."

■ "In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Library of Congress v. Shaw,* 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986). Prior to 1984, Customs was immune from paying interest on any funds which it returned upon reliquidation. This was in contrast to importers, who were required to pay interest on all late payments. In 1984, Congress decided to make the playing field more even by enacting 19 U.S.C. § 1520(d). "[T]his legislation recognizes the inherent fairness of a reciprocity of payment of interest when the importer has been able to sustain his position in an appropriate forum." H.R.Rep. No. 98–1015, at 68 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4960, 5027. The 1984 legislation, however, only authorizes Customs to pay interest on "increased or additional duties." 19 U.S.C. § 1520(d) (1988). "If any excess duties are being refunded, no interest is payable thereon." H.R.Rep. No. 98–1015, at 67, 1984 U.S.Code Cong. & Admin.News. pp. 4960, 5026. *See also Kalan, Inc. v. United States,* 944 F.2d 847 (Fed.Cir.1991) (excess estimated duties were found not to qualify as "increased or additional duties").

Defendant cites the *Dictionary of Tariff Information* to demonstrate that the terms "increased duty" and "additional duty" have specific meanings, about which for decades there has been much litigation:

*Increased duties.*—Increased duties are the differences between the estimated duties paid upon entry and any increase of regular duties in the liquidated duties as determined by the collector.

*Additional duties.*—Additional duties are those which are assessed in addition to the regular duties accruing under the law.

*Dictionary of Tariff Information* 263 (1924). While such definitions do not have the same weight as a definition in a statute, they are supportive of the point that the phrases employed by Congress were not chosen to create an interest liability in all situations where Customs returns funds upon reliquidation. *See e.g. Kalan,* 944 F.2d at 851–52. The defendant argues further that the statute specifically mentions "increased" and "additional" duties but does not mention "drawback," or "return of drawback" and thus, there is no "express congressional consent to allow an interest award." *Shaw,* 478 U.S. at 314, 106 S.Ct. at 2961. But this argument begs the question, i.e., whether increased or additional duties includes reclamation of drawback of duties.

Plaintiff argues that the funds withheld from it for almost five years were equivalent to "additional duties assessed upon liquidation" and should be returned with interest. Novacor bases its argument on the fact that upon liquidation, it was billed for "supple duty." Novacor argues that the definition of "supplemental duty" can be found in 19 C.F.R. § 24.3a(a) in the parenthetical phrase "additional duties assessed upon liquidation or reliquidation" appearing immediately after the words "supplemental duty." Customs contends that the parenthetical phrase, "additional duties assessed upon liquidation or reliquidation" is only an example of a supplemental duty. While general rules of language construction support the view that the parenthetical is the definition of the term which it follows, section 24.3a(a) itself is oddly written because it omits the term "increased duties" found in both the statute and 19 C.F.R. § 24.3a(b)(2).[5]

---

5. 19 C.F.R. § 24.3a(b)(2) provides:
   *Bills for supplemental duties.* The due date for increased or additional duties, determined to be due upon a liquidation or reliquidation ...

*Id.* (emphasis in original)

██ As has often been noted, the agency with responsibility to administer a statute has authority to interpret the statute, set policy and establish rules within the guidelines set by Congress. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). A similar rule applies to interpretation of an agency's own regulation. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). In this case, Customs' interpretation of 19 C.F.R. § 24.3a(a) that the definition of supplemental duty is only exemplary is within the bounds of a permissible construction of the regulation. The regulation, however, does not address in a definitive manner the issue of whether reclamation of duties drawn back qualifies as an "increased or additional duty" which would then qualify for an interest payment.[6]

The question is a statutory one, not a regulatory one. The duties drawn back are regular duties. *See* 19 U.S.C. § 1313 (1986). They are not "additional" duties in the sense of duties different from ordinary customs duties, e.g., countervailing or antidumping duties. Thus, the only remaining issue is whether the duties qualify in some other way as "increased or additional[7] duties."

██ Certainly in ordinary parlance the regular duties are increased over the duty amount paid during the period drawback of duties was allowed. Nothing in the statute limits the term "increased duties" according to the particular reason for the increase.

**6.** The court does not find the affidavit of Robert B. Hamilton, submitted with defendant's reply brief, helpful on this point, as the affidavit erroneously avers that drawback does not "involve[ ] duties at all." *Contra* 19 C.F.R. § 191.2 (1987).

**7.** Because the reclaimed drawback is an "increased duty", the court need not address whether a broad definition of "additional duties" is intended.

**8.** Section 1505 Title 19 of the United States Code, as amended by the Customs Modernization Act of 1993, provides:

(b) *Collection or refund of duties, fees, and interest due upon liquidation or reliquidation*

. . .

Refunds of excess moneys deposited, together with interest thereon, shall be paid within 30 days of liquidation or reliquidation.

(c) *Interest*

Accordingly, the court finds that 19 U.S.C. § 1520(d) and 19 U.S.C. § 1505(c) (1988) unambiguously provide for interest on any refund upon reliquidation of the increased portion of any regular duties. Duties once drawn back and then reclaimed upon liquidation by Customs constitute an increase in regular duties. Accordingly, interest is owed upon later refund.

For the sake of completeness and judicial economy, the court will address plaintiff's alternative claim, as if it had not prevailed on its primary theory.

## II. The Tariff Act of 1930, as amended by the Customs Modernization Act of 1993 in effect as of December 8, 1993.

██ Novacor argues alternatively that Customs is required to pay interest on the returned drawback pursuant to the amendments to 19 U.S.C. § 1505(b) and (c) made by the Customs Modernization Act of 1993.[8] Novacor notes that the Customs Modernization Act became effective in December 1993, while the reliquidation without interest was under protest, and is still in effect. It argues, therefore, that the court should apply the law in effect at the time it makes its decision. Defendant, however, is persuasive in its argument that applying the 1993 amendments to entries which were reliquidated before the amendments became effective would constitute a retroactive application of the law, not in accordance with the intent of Congress.

Interest assessed due to an underpayment of duties, fees, or interest shall accrue, at a rate determined by the Secretary, from the date the importer of record is required to deposit estimated duties, fees, and interest to the date of liquidation or reliquidation of the applicable entry or reconciliation. *Interest on excess moneys deposited shall accrue, at a rate determined by the Secretary, from the date the importer of record deposits estimated duties, fees, and interest or, in a case in which a claim is made under section 1520(d) of this title, from the date on which such claim is made, to the date of liquidation or reliquidation of the applicable entry or reconciliation.*
19 U.S.C.A § 1505(b)–(c) (West Supp.1997) (emphasis added).

Novacor points out that amended sections 1505(b) and (c) allow for importers to receive interest on refunded drawback of duties, even if the previous law did not. Whereas the previous law only allowed for interest payments on "increased and additional duties," the new sections require Customs to "refund *any excess moneys* deposited, together with interest thereon." 19 U.S.C. § 1505(b) (Supp. V 1993)(emphasis added). The provisions changed the law as interpreted in *Kalan*, 944 F.2d at 851, in which the court found that excess estimated duties did not qualify as "increased or additional duties." Congress broadened the basis for interest payments by using the broad term "excess moneys." *See* H.R.Rep. No. 103–361(I) at 140, *reprinted in* 1993 U.S.C.C.A.N. 2552, 2690 (provision enacted to "provide equity in the collection and refund of duties and taxes, together with interest").

Customs argues, however, that even if a refund of drawback must be made together with interest pursuant to the 1993 amendments, Congress did not intend for the interest provision to be applied retroactively. Customs argues that only entries made after the effective date of the amendments (Dec. 8, 1993) qualify for the new treatment of interest. Customs claims that the triggering event for application of the law is entry and deposit of money, not liquidation or reliquidation.

■ In general retroactivity is not favored in the law and, accordingly, legislation will be construed to operate only prospectively unless Congress has clearly expressed a contrary intention. *Travenol Labs., Inc. v. United States*, 118 F.3d 749, 752 (Fed.Cir. 1997) (*citing Landgraf v. USI Film Prods.*, 511 U.S. 244, 264, 268, 114 S.Ct. at 1496, 1498–99, 128 L.Ed.2d 229 (1994)). In examining the application of section 1505(c) in *Travenol* the Federal Circuit outlined the relevant test. *Id.* "[T]he first issue is whether application of legislation to certain facts constitutes a retroactive application of that law. Only if the answer to that question is 'yes' must we search for a clear expression of congressional intent to apply the law retroactively." *Id.*

In *Travenol*, the plaintiff entered goods before the effective date of the Act, but the goods were reliquidated after. *Id.* at 751. The court found that the triggering event for the new legislation was not entry, as Customs argued, but liquidation (or reliquidation). *Id.* at 753. The court reasoned that importers only pay estimated duties at time of entry and Customs does not determine whether there has been an underpayment or overpayment until it liquidates (or reliquidates) an entry and makes a final determination. *Id.* Until that time, both Customs and the importer are on notice that changes may occur. *Id.* Thus, in line with *McAndrews v. Fleet Bank of Mass.*, 989 F.2d 13, 16 (1st Cir.1993) which stated "[t]he determination of whether a statute's application in a particular situation is prospective or retroactive depends upon whether the conduct that allegedly triggers the statute's application occurs before or after the law's effective date," the Federal Circuit found that as liquidation (or reliquidation) is the triggering event for application of section 1505(c), there was no retroactive application in that case, and thus, the plaintiff was entitled to interest on repayments for entries made before, but liquidated after, the effective date. *Travenol*, 118 F.3d at 753.

Following the Federal Circuit's holding in *Travenol*, the application of section 1505(c) to the present case would be retroactive as reliquidation occurred in May, 1993 and the effective date of amended section 1505(c) is December 8, 1993.

The next issue is whether there is a clear expression of congressional intent to apply the law retroactively. Novacor attempts to argue that there is clear congressional intent that the interest provision be applied to its entries. Novacor filed for drawback of duties under section 632(a)(6)(p) of the Act, codified as 19 U.S.C. § 1313(p), a provision allowing for substitution same condition drawback for finished petroleum derivatives (which cover Novacor's products). Although the effective date for the whole Act was December 8, 1993, section 632(b) of the Act provided for retroactive application of 19 U.S.C. § 1313(p). *See Nafta Implementation Act*, Pub.L. 103–182, § 632(b), 107 Stat

2197–98 (1993) (codified as 19 U.S.C. § 1313 note (1994)).[9]

Novacor argues that because Congress provided for retroactive application for finished petroleum derivatives drawback, and it filed for drawback of duties pursuant to 19 U.S.C. § 1313, Congress intended for the interest provision in 19 U.S.C. § 1505(c) to be applied retroactively. As Customs notes, however, there is no clear Congressional intent to link the two provisions. While Congress intended to create a simpler system for allowing drawback of duties on petroleum derivatives which are stored in common storage facilities, *See* H.R.Rep. No. 103–361(I) at 129–30 (1993), *reprinted in* 1993 U.S.C.C.A.N. 2679–80, Congress did not make any reference to the interest provision of section 1505(c). Congress specifically made certain provisions of the Act apply retroactively. If Congress intended for the interest provision to apply retroactively in certain cases, it would have so stated, just as it did for the petroleum drawback provision. Thus, this alternative basis for plaintiff's claim is rejected.

---

**9.** A note regarding the effective date of the 1993 amendment refers to Section 632(b) of Pub.L. 103–182 as providing: "Notwithstanding section 514 of the Tariff Act of 1930 (19 U.S.C. 1514) or any other provision of law, the amendment … [amending subsection (p) of this section] shall apply to—

## Conclusion

For the above reasons, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

(1) claims filed or liquidated on or after January 1, 1988, and

(2) claims that are unliquidated, under protest, or in litigation on the date of the enactment of this Act [Dec. 8, 1993]."

