**CENTRAL SOYA CO., INC.,**
**Plaintiff–Appellee,**

v.

**The UNITED STATES, Defendant–Appellant.**

**No. 91–1324.**

United States Court of Appeals, Federal Circuit.

Jan. 28, 1992.

Carl R. Soller, Soller, Shayne & Horn, New York City, argued, for plaintiff-appellee. With him on the brief, was Margaret Hardy Sachter, of counsel.

Carla Garcia–Benitez, Commercial Litigation Branch, Dept. of Justice, New York City, argued, for defendant-appellant. With her on the brief, were Stuart M. Gerson, Asst. Atty. Gen., David. M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office. Also on the brief, was Claib L. Cook, Atty., Chief Counsel's Office, U.S. Customs Service, of counsel.

Peter A. Greene and John C. Steinberger, Thompson, Hine & Flory, Washington, D.C., were on the brief, for amicus curiae, The BFGoodrich Co.

Joel R. Junker, Graham & Dunn, Seattle, Wash., was on the brief, for amicus curiae, American Electronics Ass'n.

Before RICH, ARCHER and CLEVENGER, Circuit Judges.

PER CURIAM.

The United States, pursuant to 28 U.S.C. § 1295(a)(5) (1988), appeals from a judgment of the United States Court of International Trade ordering the United States Customs Service to approve the application of Central Soya Co., Inc. (Central Soya) for drawback of the duty it had paid on imported crude soybean oil. Central Soya sold domestic crude soybean oil, fungible with its imported crude soybean oil, to a company that then exported the domestic oil. After the sale, Central Soya applied for a refund of its previously-paid duty, known as a "substitution same condition drawback." The Customs Service denied Central Soya's drawback claim solely because Central Soya was not the exporter of the substituted fungible merchandise. The Court of International Trade held that the Customs Service violated its statutory authority when it denied Central Soya's drawback claim because 19 U.S.C. § 1313(j)(2) does not require that the claimant be the exporter of the substituted merchandise. *Central Soya Co., Inc. v. United States,* 761 F.Supp. 133, 141 (Ct.Int'l Trade 1991).

For the reasons set forth in the published opinion of the Court of International Trade, which we hereby adopt, the judgment is

AFFIRMED.