The B.F. GOODRICH COMPANY,
Plaintiff,

v.

UNITED STATES, Defendant.

Slip Op. 94–12.
Court No. 90–05–00228.

United States Court of
International Trade.

Jan. 27, 1994.

suance of the results of remand to January 18,
1994.

Thompson, Hine and Flory, Lewe B. Martin, Peter A. Greene and John C. Steinberger, Washington, DC, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, attorney-in-charge, International Trade Field Office, Carla Garcia-Benitez and John J. Mahon, Washington, DC, for defendant.

## OPINION

MUSGRAVE, Judge.

### Background

On November 3, 1992, counsel for Customs submitted a letter to which was attached a General Notice published in Customs Bulletin & Decisions, Vol. 26, No. 43 (October 21 1992) describing the steps Customs has taken to comply with this Court's judgment. Plaintiff was refunded its drawback claims but asserts that Customs did not comply with the Court's judgment. *See B.F. Goodrich Co. v. United States*, —— CIT ——, 794 F.Supp. 1148 (1992) (*"B.F. Goodrich I"*) (holding that Customs could not require possession of imported goods as a condition of drawback eligibility where no such requirement was set forth in the statute).

The Court decided to solicit comments from the parties regarding the propriety of reviewing the Customs General Notice in this Court for compliance with the prior opinions in this matter. *See B.F. Goodrich Co. v. United States*, —— CIT ——, Slip Op. 93–102, 1993 WL 209585 (June 9, 1993). The Court has considered the parties comments, as well as new developments in the law,[1] and hereby renders its decision.

1. Defendant notified the Court by letter dated December 23, 1993, that certain portions of the recently enacted Title VI of the North America

*Discussion*

Defendant opposes this review on two grounds. First, defendant maintains its position that since plaintiff was refunded the duties it sought, in accordance with *B.F. Goodrich I*, there is no more case or controversy. Second, defendant alleges that the General Notice is in strict compliance with the Court's prior ruling in *B.F. Goodrich I*. Moreover, as a general matter, defendant casts all of plaintiff's attacks on the General Notice as a veiled attempt to entice the Court into issuing an advisory opinion regarding the new notice.

■ As to defendant's first position, the Court views as settled its stated position that it inherently has jurisdiction to enforce its judgments. *See Slip Op. 93–102 at 4, citing Holmes Products Corp. and Esteem Industries, LTD v. United States, —— CIT ——, 822 F.Supp. 754, 756 (1993).* Plaintiff has supplied further authority for this position. *See Plaintiff's Submission in Compliance With Slip Op. 93–102 at 4, citing e.g., United States v. New York Tel. Co.,* 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977) and *Marshall v. Int'l Brotherhood of Teamsters,* 593 F.2d 1297, 1302 (D.C.Cir.1979). In addition, plaintiff has perceived the pernicious implications of the Customs Service's position in this case: as long as Customs complies with the compensation portion of a Court order or judgment, it is free to disregard the remainder of that Court ruling regarding those parties because it has extirpated the jurisdiction of the Court by virtue of the payment. *See Plaintiff's Submission in Compliance With Slip Op. 93–102 at 3–4* (If the Court is not empowered to enforce its judgments Customs would be permitted "to continue to adopt and enforce unlawful drawback eligibility requirements simply by paying the monetary claims of those few who are willing to pursue a case to judgment in this Court.").

The processes of judgment and remand are rendered purposeless if the Government is permitted to respond in any way it sees fit to the Court's decisions, or disregard them, without any accountability. Therefore, the Court reaffirms that review, supervision, and enforcement of its previous judgments is solidly within its purview.

■ In addition to positing that the Court has jurisdiction to review the adequacy of a post-judgment report designed to demonstrate compliance, plaintiff raised several points regarding Customs' procedural and substantive compliance with *B.F. Goodrich I*, as evidenced by its Status Report of November 3, 1992 and accompanying General Notice. As a threshold issue, plaintiff argues that defendant disobeyed the Court's prior rulings by failing to nullify, in its entirety, the regulation that was originally held invalid under *B.F. Goodrich I*.

The Court previously held that 19 C.F.R. § 191.141(h) was an improperly promulgated substantive rule and as a result has no force or effect:

> In *Central Soya*, the Court ordered that Customs amend 19 C.F.R. § 191.141(h) in accordance with that decision. Customs must also comply with the APA notice and comment procedures until a new regulation is promulgated. Until such procedures are complied with, [section] 191.141(h) is suspended and shall have no force or effect, although Customs shall not use the invalidation of the regulation as an excuse to refuse drawback to otherwise qualified claimants. Until a new rule is promulgated, Customs shall allow SSC drawback claims based solely on the language of 19 U.S.C. § 1313(j)(2) and case law interpreting it.

794 F.Supp. at 1154. Nonetheless, Paragraph 1(b) of Customs' General Notice continues to enforce portions of the invalid regulation by providing only that "section 191.-141(h) . . . [is] no longer applicable [but only] insofar as [it] require[s] that the claimant must possess imported duty-paid merchandise." From this premise, Customs recreated 19 C.F.R. 191.141(h), liberally interpreting

Free Trade Agreement Implementation Act, Act of December 8, 1993, 107 Stat. 2057 moot many of plaintiff's concerns. This statute amends the provision for substitution same condition drawback, 19 U.S.C. § 1313(j)(2), by, among other things, specifying who is the party entitled to collect this type of drawback.

794 F.Supp. 1148 to frustrate the Court's ruling and substitute even more stringent additional requirements.

As noted above, Customs followed its comments regarding *B.F. Goodrich I* with a letter identifying new changes in the law that invalidate the main provision of the new regulation with which plaintiff takes issue. Paragraph 3 of the General Notice provides that no claimant may receive substitution same condition ("SSC") drawback unless the claimant is the *same person* who actually paid the duty on the imported merchandise. Because the duty may only be paid by the importer or his agent, the General Notice actually requires that the drawback claimant and the importer (*viz*, the owner) be the same person. *Plaintiff's Response to Defendant's Post–Judgment Report* at 2, *citing General Notice* at 2, para. 1(b)(3). Where this Court has ordered Customs not to require *possession* of the imported goods, the General Notice now requires *ownership* of the imported goods. *Id.*

Plaintiff claims that Customs' attempt to require *ownership* of the imported goods as a precondition for SSC drawback is contrary to the Court's holding in this action and in *Central Soya Co. v. United States,* 15 CIT 105, 761 F.Supp. 133 (1991), *aff'd,* 953 F.2d 630 (Fed.Cir.1992) (interpreting 19 U.S.C. § 1313(j)(2) and accompanying legislative history), and Custom's long-standing procedure for transferring the right to claim drawback (by the use of certificates of delivery). *See Plaintiff's Response* at 3–7 & n. 3. However, as Customs indicates in its latest submission, new developments in the law provide that "[t]he exporter (or destroyer) has the right to claim drawback under this paragraph, but may endorse such right to the importer or any intermediate party." *Department of Justice Letter of December 12, 1993, citing 19 U.S.C. § 1313(j)(2), as amended by Title VI of the North America Free Trade Agreement Implementation Act, Act of December 8, 1993, 107 Stat. 2057.* Therefore plaintiff's concern regarding Customs' new condition of ownership is moot whether or not the Court decides that the regulation was stricken in *B.F. Goodrich I.*

In view of the plain language of the Court's prior rulings in this matter, the Court cannot conceive of any other interpretation but that the regulation is indeed stricken. Customs now attempts to step around its lack of respect for this ruling in the wording of its General Notice by asserting that the General Notice is not a new regulation, but merely instruction to Customs officers and to the public "for the implementation of court decisions concerning substitution same condition drawback." *Plaintiff's Submission in Compliance With Slip Op. 93–102 at 3, citing General Notice, Customs Bulletin, Vol. 26, No. 43, p. 7 (October 21, 1992).* The notice itself also clarifies that it will remain in effect only "until the regulatory changes ordered by the Court are published in accordance with the Administrative Procedure Act ["APA"]." *Id., at 8.* In other words, Customs' position would suggest that what it is not permitted to do formally, (*i.e.,* with a rule) by *B.F. Goodrich I,* it may do informally with a provisional rule. This position is untenable. The Court reiterates that 19 C.F.R. § 191.141(h) is null and void, as is any provisional form of it until *after* Customs has adhered to the APA by among other things submitting its proposed rules for notice and comment.

With regard to plaintiff's substantive challenges to the General Notice, defendant further argues that its provisional instructions comply with the statute "*and the case law construing it,*" *i.e.,* B.F. Goodrich I. *Defendant's Submission in Compliance With Slip Op. 93–102 at 5, citing B.F. Goodrich I at 1155.* The Court need not reach the merits of this contention since Customs did not comply with the Court's procedural order to subject the new draft regulation to notice and comment *before* employing that regulation to affect substantive rights.

In conclusion, the Court determines that Customs shall repromulgate 19 C.F.R. 191.141(h) in compliance with the Court's prior rulings and orders in this matter, including *B.F. Goodrich I,* Slip Op. 93–102, this decision, and current law. The Customs Service shall be granted an additional period of sixty days after this decision becomes final to dem-

onstrate compliance with these instructions by filing a report with the Court.

### ORDER

After due deliberation and consideration of the government's remand results in the above-captioned matter, pursuant to this Court's instructions in 794 F.Supp. 1148, and the parties' comments received pursuant to Slip Op. 93–102, it is hereby

**ORDERED** that 19 C.F.R. 191.141(h) has no force or effect in any form until promulgated in conformity with this Court's rulings, which include instructions to adhere to the public notice and comment procedures provided at 5 U.S.C. § 553, *et seq.;* it is further

**ORDERED** that Customs shall have sixty days to file with this Court a report outlining the measures it has taken to comply with this decision.

**SO ORDERED.**