**NOVACOR CHEMICALS, INC. (formerly known as Polysar Inc.),Plaintiff–Cross Appellant,**

v.

**UNITED STATES, Defendant–Appellant.**

**Nos. 98–1228, 98–1229.**

United States Court of Appeals, Federal Circuit.

March 29, 1999.

Rehearing Denied; Suggestion for Rehearing In Banc Denied June 7, 1999.

Sidney N. Weiss, New York, New York, argued, for plaintiff-cross appellant.

James A. Curley, Attorney, Civil Division, Commercial Litigation Branch, U.S. Department of Justice, New York, New York, argued, for defendant-appellant. With him on the brief were David M.

Cohen, Director, Washington, DC, and Joseph I. Liebman, Attorney in Charge, New York, New York. Of counsel on the brief was Karen P. Binder, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, New York, New York.

Before MAYER, Chief Judge, MICHEL and CLEVENGER, Circuit Judges.

MICHEL, Circuit Judge.

■ The United States appeals from the summary judgment of the United States Court of International Trade in *Novacor Chemicals, Inc. F/K/A Polystar, Inc. v. United States,* Nos. 95–03–00279, 95–05–00630, Slip Op. 97–138 (Sept. 25, 1997), holding cross-appellant, Novacor Chemicals, Inc. ("Novacor"), entitled to interest on four drawback entries liquidated by the United States Customs Service ("Customs") on January 29, 1988. The Court of International Trade held that the withheld drawback payments were "increased or additional duties" under the applicable interest statute, 19 U.S.C. § 1520(d) (1988). Novacor cross-appeals from the judgment of the Court of International Trade holding that the Customs Modernization Act does not entitle Novacor to interest, and further seeks clarification of the Court of International Trade's judgment awarding Novacor interest as to the proper method of calculating the amount of the judgment. The appeal and cross-appeal were submitted for our decision following oral argument on March 3, 1999. As to the government's appeal, because we hold that the court misapplied the relevant statutes, we reverse the summary judgment of interest in favor of Novacor. We hold that "increased or additional duties" are imposed only when the amount of duties at liquidation exceeds the estimated duties on entry and thus, the deposit of duties is insufficient to cover the final liability. In drawbacks, the amount of the import duty assessed does not change; the entire duty, minus a 1% administrative fee, is refunded upon export of the imported goods (or export of a more finished article manufactured from the imported goods).

On the cross-appeal, because Novacor's argument relies on retroactive application of a statute that we hold has no retroactive effect, we affirm the trial court's denial of interest under the 1993 amendments to the trade laws. Furthermore, because we reverse the grant of interest to Novacor, their cross-appeal seeking clarification of the method of interest calculation is now moot, and we, therefore, do not address it.

Therefore, the judgment on the appeal is reversed and affirmed on the cross-appeal.

## BACKGROUND

Novacor imported certain shipments of styrene monomer during 1985–87. The styrene, which is a product derived from ethylene and benzene, was classified upon entry under Chapter 402.1600 of the Tariff Schedules of the United States ("TSUS").

■ Upon subsequent export of certain shipments of styrene, Novacor filed drawback[1] entries seeking to recover the import duties paid on these styrene shipments, pursuant to 19 U.S.C. § 1313 (1988). Customs paid Novacor an accelerated drawback of $456,557. On January 29, 1988, Customs liquidated these entries and denied Novacor's claims for drawback of duties on the basis of its decision in C.S.D. 87–6, 21 Cust. B. & Dec. 365 (1987). Customs subsequently billed Novacor (then Polysar Inc.) demanding that it pay "supplemental duties," in the amount of the drawback Novacor had received from Customs. These bills expressly stated that interest would accrue to the government if Novacor did not promptly pay the amounts demanded, as provided in 19 U.S.C. § 1505(c) (1988). Pursuant to the

---

1. **DRAWBACK:** The drawback may be (1) a repayment in whole or in part of customs duties paid on imported merchandise that is reexported (either in the same form as imported or manufactured into a more finished article) or (2) the refund upon the exportation of an article of a domestic tax to which it has been subjected.

*Dictionary of Tariff Information* 271 (1924).

liquidations, Novacor timely repaid the $456,557 it had received as an accelerated drawback, and thus did not pay any interest. Novacor timely filed administrative protests of Customs's 1988 denial of drawback.

Customs's opinion in C.S.D. 87–6, 21 Cust. B. & Dec. 365, 366–67 (1987), denied an importer drawback of duties on products that it did not own at the time of export. Based on this opinion, Customs denied Novacor's claims for drawback of duties. This opinion, however, was invalidated by the Court of International Trade in the test case of *Central Soya Co. v. United States,* 761 F.Supp. 133, 15 Ct. Int'l Trade 105 (1991), *aff'd,* 953 F.2d 630 (Fed. Cir.1992). The Court of International Trade ruled that Customs's interpretation in 21 Cust. B. & Dec. 365 as to who was entitled to drawback of duties for "substitute same-condition goods" was contrary to congressional intent in enacting the statutory scheme. *Central Soya,* 761 F.Supp. 133, 15 C.I.T. at 111.

Pursuant to the affirmed judgment in *Central Soya,* on May 14, 1993, about five years after denying drawback, Customs granted Novacor's protests, reliquidated these entries, allowed drawback, and paid Novacor a total of $456,557, the amount Customs had required Novacor to pay at the initial liquidation in 1988. Customs, however, paid no interest on this amount. On August 12, 1994, Novacor timely filed administrative protests against Customs's failure to pay interest on the $456,557,

which after a five-year period it refunded to Novacor. Customs denied Novacor's protests on February 3, 1995. Novacor then timely appealed this denial in two lawsuits: Court No. 95–03–00279 in the Court of International Trade on March 17, 1995, seeking review of the denial of Novacor's protests of Customs's failure to pay interest pursuant to 28 U.S.C. § 1581(a) (1988); and Civil Action No. 95–03–00630 in the Court of International Trade on May 4, 1995, seeking such review pursuant to 28 U.S.C. § 1581(i) (1988).

Novacor filed a motion for summary judgment on December 19, 1996. Customs opposed Novacor's motion and filed its own motion for summary judgment on March 24, 1997. On September 26, 1997, the Court of International Trade granted Novacor's motion for summary judgment, denying Customs's cross-motion. That ruling is appealed by the government in the instant case. Novacor cross-appeals the Court of International Trade's judgment that the Customs Modernization Act of 1993 did not require a payment to Novacor of interest on the drawback duties. We have jurisdiction under 28 U.S.C. § 1295(a)(5) (1994).

## DISCUSSION

The dispositive issue here is whether Novacor is entitled to interest on duty drawback erroneously reclaimed and held by Customs for almost five years. The Court of International Trade read 19 U.S.C. §§ 1505(c) and 1520(d) (1988)[2] to

**2.** The Tariff Act of 1930 is codified at 19 U.S.C. §§ 1505(b)-(c) and 1520(d) (1988) and reads as follows:

19 U.S.C. § 1505(b)-(c):

(b) Collection or refund
The appropriate customs officer shall collect any increased or additional duties due or refund any excess of duties deposited as determined on a liquidation or reliquidation.

(c) Duties due upon liquidation or reliquidation; delinquency; interest
Duties determined to be due upon liquidation or reliquidation shall be due 15 days after the date of that liquidation or reliquidation, and unless payment of the duties is received by the appropriate customs officer

within 30 days after that date, shall be considered delinquent and bear interest from the 15th day after the date of liquidation or reliquidation at a rate determined by the Secretary of the Treasury.

19 U.S.C. § 1520(d):

(d) Interest rates; calculation
If a determination is made to reliquidate an entry as a result of a protest filed under section 1514 of this title or an application for relief made under subsection (c)(1) of this section, or if reliquidation is ordered by an appropriate court, interest shall be allowed on any amount paid as increased or additional duties under section 1505(c) of this title at the annual rate established pursuant to that section and determined as of

provide unambiguously for interest on any refund upon reliquidation of the increased portion of any regular duties. We agree. The court also determined, however, that duties once drawn back and then reclaimed upon liquidation by Customs constitute an "increase" in regular duties. Because of this, the Court of International Trade held that Novacor was entitled to the interest. We agree with neither its result nor its rationale.

The government appeals this decision, arguing that as section 1520(d) does not expressly provide for payment of interest on a duty drawback, there is no waiver of sovereign immunity for interest on a later refund of a reclaimed drawback.

Novacor cross-appeals from the judgment of the Court of International Trade to the extent that it rejected Novacor's alternative theory of recovery that Novacor was entitled to interest under the 1993 amendments to the Customs Act of 1930, 19 U.S.C. §§ 1505(b) and (c), enacted by the Customs Modernization Act of 1993 ("Modernization Act"). Novacor also seeks specific directions from this court as to the calculation of interest on the drawback.

### I.

Novacor's main argument against the government appeal is that the drawback, which Customs first granted but then required it to return only to refund it to Novacor after the *Central Soya* ruling, qualifies as "increased or additional duties" as described in 19 U.S.C. § 1520(d). If the drawback so qualifies, we agree that Customs is required to pay interest. No statutory definition is given of these terms and the only definitions, quoted below, referred to by the parties or the Court of International Trade come from the *Dictionary of Tariff Information:*

**INCREASED DUTIES:** Increased duties are the differences between the estimated duties paid upon entry and

the 15th day after the date of liquidation or reliquidation. The interest shall be calculated from the date of payment to the date

any increase of regular duties in the liquidated duties as determined by the collector.

**ADDITIONAL DUTIES:** Additional duties are those which are assessed in addition to the regular duties accruing under the law.

*Dictionary of Tariff Information* 263 (1924). The *Dictionary* was compiled by the U.S. Tariff Commission after enactment of the Tariff Act of 1922 and was still in use at the time of enactment of the 1930 Tariff Act. The Court of International Trade acknowledged that even though these "definitions do not have the same weight as a statute, they are supportive of the point that the phrases employed by Congress were not chosen to create an interest liability in all situations where Customs returns funds upon reliquidation." *Novacor,* slip op. at 7.

In 1988, Novacor filed for, and received accelerated drawback treatment after it had paid the estimated duties on the entries. When Customs then liquidated the entries, it determined that the entries did not qualify for drawback and billed Novacor for the amount that it had earlier returned to Novacor. The bills sent by Customs to Novacor each had the heading "supple duty." The meaning of "supple duty" is undisputed by the parties; it means "supplemental duty."

The only place the term "supplemental duty" arises in the regulations is in 19 C.F.R. § 24.3a (1996), which reads as follows:

(a) Due date of Customs bills. Customs bills for Supplemental duties (additional duties assessed upon liquidation or reliquidation) . . .

(b)(2) Bills for supplemental duties. The due date for increased or additional duties, determined to be due upon a liquidation or reliquidation, is 15 days

of (1) the refund, or (2) the filing of a summons under section 2632 of title 28, whichever occurs first.

from the date of such liquidation or reliquidation.

The term is used nowhere in the United States Code. Novacor argues, therefore, that to construe the term we must look solely to the above regulation, and argues that the parenthetical "(additional duties assessed upon liquidation or reliquidation)" following the term "supplemental duties" *is* its definition. Customs, however, argues that the language appearing in parentheses after the term "supplemental duties" is only an example of a supplemental duty, is not a complete definition. While general principles of construction support the view that a parenthetical is the definition of the term which it follows, here the parenthetical omits the term "increased duties" used in 19 C.F.R. § 24.3(b)(2) and in 19 U.S.C. § 1520(d). Therefore, in this case, Customs's argument that the parenthetical is merely an illustrative example makes sense. We, therefore, conclude that no definition is provided by the parenthetical for the term "supplemental duties." Since no definition is provided by the parenthetical, we must further conclude that there exist "supplemental duties" which are not "additional duties" (e.g., the instant case) and, therefore, use of the term on the bills sent to Novacor can hardly entitle Novacor to interest. In any event, Customs cannot multiply the classes of refunds for which Congress has authorized payment of interest. Congress has waived sovereign immunity for specific refunds, and Customs does not have the power to broaden that waiver. *See Library of Congress v. Shaw*, 478 U.S. 310, 314, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986).

The language of the statute authorizing payment of interest to importers says interest shall be allowed on any amount paid as "increased or additional duties," and later refunded. 19 U.S.C. § 1520(d). It cannot be disputed that no specific reference to duty drawback is to be found in the interest statute. The Court of International Trade nevertheless determined that the drawback/supplemental duties were "increased or additional duties," holding that "[d]uties once drawn back and then reclaimed upon liquidation by Customs constitute an increase in regular duties." *Novacor*, slip op. at 9. The Court of International Trade, therefore, granted Novacor's summary judgment motion for interest on the reclaimed duty drawback, refunded after Customs held it for five years, incorrectly, as it later determined pursuant to the 1993 decision in *Central Soya*.

The Court of International Trade gave no explanation as to why the drawback denial was an *increased* duty, but simply stated that:

> Certainly in ordinary parlance the regular duties are increased over the duty amount paid during the period drawback of duties was allowed. Nothing in the statute limits the term "increased duties" according to the particular reason for the increase.... Duties once drawn back and then reclaimed upon liquidation by Customs constitute an increase in regular duties.

*Id.*

■ "[O]rdinary parlance," however, is not the test for determining whether there has been a waiver of sovereign immunity. Nor is silence in an interest statute. The Supreme Court premised its holding in *Lane v. Pena* on the principle that "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) (citations omitted). The express language of the interest statute covers only "any amount paid as increased or additional duties." 19 U.S.C. § 1520(d). The statutory text does not unequivocally provide for interest for refunds of reclaimed duty drawback, and in fact, drawbacks are nowhere mentioned in the text.

■■ The effective definition of the repayment of duty drawback as an increase in regular duty in this case by the Court of International Trade has no statutory source, and therefore cannot meet the re-

quirement of an express waiver of sovereign immunity. Without a waiver of sovereign immunity, there is an "absence of express congressional consent to the award of interest ... [rendering] the United States ... immune from an interest award." *Shaw*, 478 U.S. at 314, 106 S.Ct. 2957. We must strictly construe the statute, for we may not imply a waiver. Therefore, as we conclude that the term "increased or additional duties" does not expressly cover duty drawback, there has been no waiver of sovereign immunity and the government is not liable for interest here.

## II.

In its cross-appeal, Novacor argues that the Modernization Act of 1993 requires Customs to pay interest on the returned drawback. The government responds that to apply the 1993 amendments to entries reliquidated before the amendments became effective would constitute a retroactive application of the law, not in accordance with the intent of Congress.

The effective date of the Modernization Act of 1993 was December 8, 1993. The reliquidation of Novacor's drawback occurred in May 1993, which according to our earlier decision in *Travenol Labs., Inc. v. U.S.* is the triggering event in a dispute surrounding an award of interest. 118 F.3d 749 (Fed.Cir.1997). The Modernization Act does not include a clause making it retroactive, and therefore we hold that it does not apply to the drawback at issue here.

## CONCLUSION

The judgment in favor of Novacor, implying a waiver of sovereign immunity and misconstruing the statutory term "increased duties," is reversed. On the cross-appeal the denial of interest is affirmed. Judgment is, therefore,

*REVERSED–IN–PART, and AFFIRMED–IN–PART.*