**Slip Op. 00-171**

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                       :
HARTOG FOODS INTERNATIONAL, INC.,      :
                                       :   Court No. 99-03-00146
                    Plaintiff,         :
                                       :
          v.                           :
                                       :
THE UNITED STATES,                     :
                                       :
                    Defendant.         :
_____ :

[Judgment for defendant.]


                              Dated: December 28, 2000


     Barnes, Richardson & Colburn (Rufus E. Jarman, Jr.) for
plaintiff.

     David W. Ogden, Assistant Attorney General, Joseph I.
Liebman, Attorney in Charge, International Trade Field Office,
Commercial Litigation Branch, Civil Division, United States
Department of Justice (James A. Curley), Chi S. Choy, Office of
Assistant Chief Counsel, United States Customs Service, of
counsel, for defendant.

## OPINION

     **RESTANI, Judge:**  This matter is before the court on cross-

motions for summary judgment.  Plaintiff seeks interest on refund

of duties.  Defendant argues that the refunds are not of "excess

moneys deposited" on entries of imported merchandise and that,

therefore, interest is not owed under 19 U.S.C. § 1505(c) (1994).

**Facts**

Plaintiff, Hartog Foods International, Inc. ("Hartog"), is the importer of record and consignee of the merchandise at issue, strawberry and cranberry juice concentrate or essence (1) imported via entry 614-27220403-9, dated April 19, 1990, and exported under drawback entry 614-0000275-6, dated May 6, 1992, and (2) imported via entry 614-0082291-04, dated February 6, 1992, part of which was exported under drawback entry 614-0000287-1, dated September 17, 1992. Plaintiff initially deposited $249.44 in fees or duties for the first entry, which was liquidated on August 10, 1990. On October 23, 1992, plaintiff received $42.55 in drawback on this entry. Plaintiff initially deposited $1,512.56 as fees or duties on the second entry, which was liquidated on June 12, 1992. On or about February 26, 1993, plaintiff received $1,074.68 in drawback on the second entry.

Meanwhile, on September 11, 1992, plaintiff had made additional duty payments on the two entries for merchandise classifiable under HTSUS subheading 9903.23.30 requiring 100% ad valorem duty.[1] The payments totaled $98,659.20 on the first

_____

[1] Apparently the 100% duty rate applied to goods of EC origin and Hartog could not prove the non-EC origin of the merchandise. Hartog made the payment along with a voluntary

(continued...)

entry and $232,771.50 on the second.  In October 1992, plaintiff made a refund request on the basis that it was entitled to drawback on the additional amounts of duty paid on September 11, 1992, based on the exportation of the goods reflected in the drawback entries of May and September, 1992.  It appeared to make its request under 19 U.S.C. § 1520(a)(2) (erroneous or excessively collected fees, charges, or exactions).  It sought return of 99% of the additional amount paid on the first entry and 99% of $166,988.25 paid on the second entry (representing duties paid on the portion of the covered merchandise which was exported).  Plaintiff later clearly characterized its claim as one for drawback under 19 U.S.C. § 1313 of lawful duties paid. Customs initially took the position that because the additional duty payment was voluntarily made more than 90 days after liquidation, that the claim for refund could be made only under

---

[1](...continued)
disclosure to limit 19 U.S.C. § 1592 liability.  See 19 U.S.C. § 1592(c)(4).

19 U.S.C. § 1520(a)(2),[2] and would not be treated as a drawback claim.

On April 20, 1993 plaintiff protested the original drawback decisions of October 23, 1992, and February 26, 1993.  In response to the Customs Modernization portion (Title VI) of the North American Free Trade Agreement Implementation Act, Pub. L. No. 103-182, 107 Stat. 2057 (1993), Customs promulgated regulations, effective April 6, 1998, allowing for drawback on post-liquidation voluntary tenders of duties where the drawback issue is open.  See 19 C.F.R. §§ 191.3(a)(1)(iii),[3] 191.81(c). As the drawback issue on the first entry had remained open pursuant to the October, 1992, request for refund (and apparently because the February drawback determination was protested

---

[2]  19 U.S.C. § 1520(a)(2) provides:

**(a) Cases in which refunds authorized**

\* \* \*

**(2) Fees, charges, and exactions**

Whenever it is determined in the manner required by law that any fees, charges, or exactions, other than duties and taxes, have been erroneously or excessively collected . . . .

[3]  Under the prior version of 19 C.F.R. § 191.3, drawback was allowed only on "ordinary" and "marking" duties, which Customs interpreted not to include tenders under 19 U.S.C. § 1592(c).  19 C.F.R. § 191.3 (1993).

timely), on March 18, 1998 Customs determined to grant the protest of the original adverse drawback decisions for both entries. Ex. 1, Plaintiff's Motion. Accordingly, on August 14, 1998, Customs reliquidated the two entries and refunded a total of $262.990.98. On October 20, 1998, plaintiff protested the lack of interest. Plaintiff's protest has been denied by operation of law. It filed a timely summons and the court has jurisdiction pursuant to 28 U.S.C. § 1581(a).

## **Discussion**

19 U.S.C. § 1505(c) reads, in pertinent part, as follows:

**(c) Interest**

Interest assessed due to an underpayment of duties, fees, or interest shall accrue, at a rate determined by the Secretary, from the date the importer of record is required to deposit estimated duties, fees, and interest to the date of liquidation or reliquidation of the applicable entry or reconciliation. Interest on excess moneys deposited shall accrue, at a rate determined by the Secretary, from the date the importer of record deposits estimated duties, fees, and interest or, in a case in which a claim is made under section 1520(d) of this title, from the date on which such claim is made, to the date of liquidation or reliquidation of the applicable entry or reconciliation.[4]

---

[4] The current version of 19 U.S.C. § 1520(d) refers only to "Goods qualifying under NAFTA rules of origin."

It appears to the court that this statute was not drafted with drawback of duties in mind.  19 U.S.C. § 1505(c) provides that interest shall be paid on excess moneys deposited from date of payment.  In the ordinary course, drawback on duties properly paid is not owed until goods are exported under 19 U.S.C. § 1313[5] and a drawback entry is filed with Customs.  See 19 C.F.R. § 191.51.  Customs then would require a certain amount of time to process the claim and to make payment.  Because the duties owing that are paid on entry or liquidation are not erroneously or excessively paid just because drawback may be claimed, it is difficult to call any part of such payments "excess moneys deposited."  Surely, if Congress wished ordinary drawback refunds to bear interest it would have said from which date interest should run, that is, the date of exportation, the date of drawback entry, some other date representing the normal date on which drawback refund should occur, or even the date of payment of the original duty.

Thus, plaintiff's argument that the duties properly paid may become "excessive" at some later date does not control whether interest may be paid on drawback refunds.  It is excessive

---

[5]  Drawback may involve simple re-exportation as here or re-exportation after manufacture, or a number of other matters unrelated to the amount of duty owed on entry.

payments that bear interest from the date of payment and these

duty payments were not excessive.  Determination of drawback is a

process separate from a determination of whether the duties on

the merchandise as entered were proper.  The court does not go so

far as to hold that the interest provision must use the word

"drawback" in order for interest to be owing, but delayed

drawback refunds have to fit the words of the interest statute in

order to bear interest.[6]  The court cannot fit the drawback

pattern into the statute as written.  Even though Congress may

have wished to equalize interest treatment between the Government

and importers,[7] it is clear that the court cannot assist Congress

in the drafting of interest provisions.  They must be clear in

order to waive sovereign immunity.  See IBM Corp. v. United

States, 201 F.3d 1367, 1374 (Fed. Cir. 2000) (no interest on

refunds of harbor maintenance tax under § 1505(c) or 28 U.S.C.

---

[6]  Novacor Chems., Inc. v. United States, 171 F.3d 1376, 1381 (Fed. Cir. 1999), however, does seem to rest denial of interest on the fact that "drawback" is not mentioned in the applicable interest statute.  Novacor may be understood as standing for the narrower proposition that "increased or additional" duties had a limited meaning under prior law, 19 U.S.C. § 1520(d) (1988), which did not include reclaimed drawback of duties.

[7]  See H.R. Rep. No. 103-361(I), at 140 (1993), reprinted in 1993 U.S.C.C.A.N. 2552, 2690.  Of course, as drawback is a separate privilege of the importer, it is difficult to say what would be equal treatment.

§ 2411), petition for cert. filed, 69 U.S.L.W. 3259 (Sept. 28, 2000); Novacor, 171 F.3d 1376, 1381-82 (under former 19 U.S.C. § 1520(d) and previous version of § 1505, no interest on refund of duty drawback erroneously reclaimed by government); Kalan, Inc. v. United States, 944 F.2d 847, 850-52 (Fed. Cir. 1991) (under former 19 U.S.C. § 1520(d) and previous version of § 1505, no interest on refunds of deposits made for estimated duties deposited at the time of merchandise's entry), cert. denied, 503 U.S. 906 (1992); Dynacraft Indus., Inc. v. United States, No. 99-03-00125, Slip Op. 00-119, at 17-18 (Ct. Int'l Trade Sept. 8, 2000) (no interest on pre-order antidumping duty deposits).

Plaintiff argues that in Novacor the Federal Circuit implicitly accepted that under the present version of § 1505(c),[8] that drawback claims bear interest. See Plaintiff's Initial Brief at 15. It was necessary for the appellate court in Novacor to reach the issue of whether the new statute applied. Having found that it did not, there was no need to say what would occur if it did apply. Thus, Novacor does not control. Furthermore, Novacor is distinguishable. There Customs wrongfully reclaimed drawback previously paid. See Novacor, 171 F.3d at 1379. To

---

[8] The Customs Modernization Act of 1993 added the second sentence of 19 U.S.C. § 1505(c). Prior to that time interest was owed on refunds only on additional or increased duties under 19 U.S.C. § 1520(d) (1988).

this court those facts appeared to signify an increased payment of duties, or, for argument's sake, excess payment of duties. Novacor Chems., Inc. v. United States, 980 F. Supp. 1288, 1292, 21 CIT 1102, 1106 (1997), rev'd in part and aff'd in part, 171 F.3d 1376 (1999).  The Court of Appeals did not accept, however, that duties drawn back by the importer and then reclaimed by Customs are "increased duties."  Novacor, 171 F.3d at 1381. Novacor would seem to be of little help to plaintiff because of the differing factual pattern and the limited holdings involved.

Having concluded that 19 U.S.C. § 1505(c) does not apply to ordinary drawback claims, the issue becomes whether this unusual factual pattern comes within the plain words of the statute or simply represents an ordinary drawback claim for which interest is not owed.  In this case duties were owed and they were paid on September 11, 1992.  As with ordinary drawback, on the second import entry, exportation and drawback entry were made on a date after payment of duties on September 17, 1992.  The undergranting of drawback on February 26, 1993 was protested and eventually resolved, but as indicated there is no provision in 19 U.S.C. § 1505 for interest in such a situation.

Payment of duty on the first entry appears somewhat out of the ordinary.  An additional duty payment was made after the

goods were exported.  To properly qualify for drawback, however, duty must be paid.  See 19 C.F.R. § 191.3(a); 19 C.F.R. § 191.81(c) & (d).  Thus, the voluntary tender of duties by plaintiff on September 11, 1992, was not an erroneous or excessive deposit of duties even though it was made after export, and like the additional duty payment on the second entry, plaintiff was not entitled to drawback on the first entry until it made payment and asserted its claim.  That claim could not have been made properly in the original drawback entry because the duties had not yet been paid.  Instead, the claim was made in the October 29, 1992, letter explaining to Customs why Hartog was entitled to greater drawback payments.  As indicated, under § 1505(c) interest is owed from date of payment; here September 11, 1992, would be the applicable date, but Customs could not have owed the money until October 29, 1992, when plaintiff asked for a refund, or thereafter.  See infra.  If, indeed, there is to be some "relation back" principle so that the original drawback entry has application and the later payment of duties is to be considered "excess moneys," Congress must make this clear.  Congress did, indeed, provide in 19 U.S.C. § 1505(c) for interest to run from the date of claim for claims made under 19 U.S.C. § 1520(d) (not applicable here), which indicates that

the date for commencement of interest is not insignificant, and Congress has expressly provided for special circumstances when it has decided to do so.

In any case, plaintiff does not ask for interest from the date of claim. It asserts that interest is owed from the <u>date of payment</u> or the <u>dates of original liquidation</u> of the drawback entries. Plaintiff's Reply at 5. In accordance with its understanding of Customs' prior practice of refunding drawback on a voluntary tender made more than 90 days after liquidation (time for protest), under 19 U.S.C. § 1520(a)(2), plaintiff apparently made a claim for refund under that provision. <u>See</u> Customs' letter of February 11, 1993, Ex. 2, Plaintiff's Reply. This claim is referred to in Treasury's decision of March 18, 1998, <u>see</u> HQ 225406, Ex. 1, Plaintiff's Motion, and Plaintiff's Letter of April 26, 1995, submitted by defendant. <u>See</u> Ex. B, Defendant's Motion. The October 29 letter appears to be the reason drawback on the first entry was considered still open at the time of the April 20, 1993 protest. As indicated, however, there is no provision for payment of interest on such a refund from <u>date of claim</u>, <u>date of payment</u>, or <u>date of liquidation</u>. Thus, even as to the first entry where payment of duties was made <u>after</u> exportation, there would seem to be no interest payable.

Accordingly, judgment shall enter for defendant.


_____
Jane A. Restani
JUDGE

Dated:  New York, New York

This 28th day of December, 2000.